UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER JEROME DICKERSON,<br><br>            Plaintiff,<br><br>    vs.<br><br>LA CO SHERRIFF (LEE BACA), et al,<br><br>            Defendants. | Case No. CV 15-07454-DSF (DTB)<br><br>ORDER TO SHOW CAUSE |

Plaintiff, while incarcerated at Corcoran State Prison in Corcoran, California filed this pro se civil rights action on September 23, 2015, after being granted leave to proceed without the prepayment of full filing fee. The gravamen of plaintiff's claims was that while housed at the Twin Towers Correctional Facility, in Los Angeles, jail officials allowed other inmates to obtain access to his inmate trust account, resulting in funds being withdrawn from plaintiff's account without his consent. (Complaint at 5-7.)

Plaintiff specifically alleged that starting on April 10, 2014, funds in his inmate trust account were withdrawn without his permission. (Complaint at 5.) Plaintiff alleged that other inmates were able to obtain his account information and personal

identification number from jail authorities, and then accessed his inmate trust account and obtained telephone credits. (Id.) Plaintiff alleged that he notified his custodians by means of ten complaints requesting that no more "global tel links" ("GTLs") be added to his account, to no avail. (Id.) Plaintiff also alleged that as a result of his complaints to his custodians, he was transferred to administrative segregation status, and, while subjected to such status, funds continued to be withdrawn from his account without his permission. (Id.) Plaintiff alleged that, despite his numerous complaints, defendant Castillo failed to help him obtain a return of his funds. (Id.) Thereafter, plaintiff requested the assistance of defendant Jimeze, who also failed to help him obtain the return of his funds. (Id.) On October 10, 2014, defendant Vasquez advised plaintiff that he would investigate the matter, but failed to follow up with plaintiff after that date. (Id.) Despite plaintiff's complaints, GTLs were still placed on his account, and funds were still withdrawn. (Complaint at 6.) Plaintiff further alleged that Deputy Cramer (not a named defendant to this action), changed plaintiff's phone pin on six different occasions, but that all six of these pins were subsequently obtained without his consent by other inmates for purposes of obtaining his trust account funds. (Complaint at 7.) Plaintiff alleged that the defendants knew what was occurring and failed to assist him or otherwise intervene to stop the theft of his funds. (Id.)

The Complaint purported to be brought pursuant to 42 U.S.C. § 1983. Named in the Complaint as defendants in their individual and official capacities were five Twin Towers Correctional Facility employees: A. Castillo ("Castillo"), Sergeant; Al Vasquez ("Vasquez"), inmate services; I. Jimeze ("Jimeze"), Sergeant; Mr. Sanchez ("Sanchez"), Deputy; Mr. Gorajewski ("Gorajewski"), Deputy.

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court screened the Complaint prior to ordering service for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief might be granted; or sought monetary relief against a defendant

who was immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

After review and consideration of the Complaint under the foregoing standards, the Court found that it suffered from the pleading deficiencies and dismissed the same with leave to amend on November 5, 2015. On December 30, 2015, plaintiff filed a First Amended Complaint ("FAC"). On January 13, 2016, the Court ordered service of the FAC. Plaintiff's Notice of Submission of Documents to the United States Marshal was due on or before February 12, 2016.

Despite the Court, *sua sponte*, granting plaintiff an extension of time, he has failed to file his Notice of Submission of Documents within the allotted time, nor has he requested an extension of time within which to do so. Accordingly, on or before **April 15, 2016**, plaintiff is ORDERED to (a) show good cause in writing, if any exists, why plaintiff has not filed his Notice of Submission of Documents; or (b) show good cause in writing, if any exists, why plaintiff has failed to serve the defendants within the requisite period of time, as the failure to do so constitutes a basis to dismiss the action against such defendants pursuant to Fed. R. Civ. P. 4(m). Plaintiff is forewarned that, if he fails to show cause, or otherwise respond to this Court's Order, the Court will construe such unresponsiveness as further evidence of plaintiff's lack of prosecution of this action, and that such lack of prosecution will constitute a basis to dismiss this action in its entirety.

DATED: March 25, 2016

_____
DAVID T. BRISTOW
United States Magistrate Judge